UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Joanna Tumbaga,<br><br>      Plaintiff,<br><br>– against–<br><br>Equifax Information Services, LLC,<br><br>      Defendant(s). | Civil Action No.<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Joanna Tumbaga (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendant, Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Joanna Tumbaga, is an adult citizen of Hawaii.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Equifax is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because all defendants are residents of the state of Delaware.

## FACTUAL ALLEGATIONS

7. American Savings Bank ("ASB") issued an account ending in 5249 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

8. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

9. On or about October 3, 2018, Plaintiff and ASB entered into a settlement agreement for the above referenced account. A copy of the settlement is attached hereto as <u>Exhibit A</u>.

10. Pursuant to the terms of the settlement, Plaintiff was required to make a lump sum payment totaling $2,580.00 to settle and close her ASB account.

11. Plaintiff, via her attorney at the time, timely made the requisite settlement payment. Proof of this payment is attached herein as <u>Exhibit B</u>.

12. However, over half a year later, Plaintiff's ASB account continues to be negatively reported.

13. In particular, on a requested credit report dated July 1, 2019, the account was reported with a status of "CHARGE OFF", a balance of $949.00 and a past due balance of $374.00. The relevant portion of Plaintiff's July 2019 credit report is attached hereto as <u>Exhibit C</u>.

14. This tradeline was inaccurately reported. As evidenced by the settlement agreement and proof of payment, the account was settled for less than the full balance and must be reported as settled with a $0.00 balance.

15. On or about July 1, 2019, Plaintiff, via her attorney at the time, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's ASB account. A redacted copy of this letter and the certified mail receipts are attached hereto as <u>Exhibit D</u>.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by ASB to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

17. In August of 2019, Plaintiff requested updated credit report for review. The trade line for Plaintiff's ASB account remained inaccurate, as Defendant filed to correct the inaccuracy. The relevant portion of the August 2019 credit report is attached hereto as <u>Exhibit E</u>.

18. Equifax did not notify ASB of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify ASB and ASB failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit report.

19. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

20. At all times pertinent hereto, Defendant was acting by and through its agent, servants and/or employees, who was acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

24. Plaintiff notified Defendant directly of a dispute on the account's completeness and/or accuracy, as reported.

25. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

26. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

27. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

28. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendant as follows:

1. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
Tel. (302) 722-6885
Email: ag@garibianlaw.com
*Counsel for Plaintiffs*