IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOANNA TUMBAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1560 (MN) |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Antranig Garibian, GARIBIAN LAW OFFICES, P.C., Wilmington, DE – Attorneys for Plaintiff.

Karen M. Grivner, CLARK HILL PLC, Wilmington, DE – Attorneys for Defendant.

August 12, 2020
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court is the motion (D.I. 7) of Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court GRANTS Defendant's motion.

## I.     BACKGROUND

Plaintiff Joanna Tumbaga ("Plaintiff" or "Ms. Tumbaga") is an individual who is a citizen of Hawaii. (D.I. 1 ¶ 2). Defendant is a Georgia limited liability company with its headquarters in Atlanta, Georgia. (D.I. 1 ¶ 4; D.I. 8-1 ¶¶ 7-8).[1] Defendant engages in the business of maintaining and reporting consumer credit information. (D.I. 1 ¶ 4). On August 22, 2019, Plaintiff filed the present action, alleging "violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and other claims related to unlawful credit reporting practices." (D.I. 1 ¶ 1).

On December 23, 2019, Defendant filed the instant motion to transfer. (D.I. 7, 8). Plaintiff opposes transferring this action and briefing on Defendant's motion was complete on February 13, 2020. (*See* D.I. 10, 11).

## II.    LEGAL STANDARD

District courts have the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 371 (D. Del. 2012) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31

---

[1]     Plaintiff's Complaint alleges that Defendant is Delaware company. (D.I. 1 ¶ 4). In her answering brief, however, Plaintiff does not dispute Defendant's claim (supported by a declaration (D.I. 8-1 ¶ 7)) that Defendant is, in fact, a Georgia limited liability company.

(1955)). Plaintiff's choice of location in bringing the action "should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

In determining whether an action should be transferred under § 1404(a), the Third Circuit has recognized that:

> courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Jumara*, 55 F.3d at 879 (citation omitted). The *Jumara* court went on to describe twelve "private and public interests protected by the language of § 1404(a)." *Id.* The private interests include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (citations omitted). The public interests include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80.

The party seeking transfer bears the burden "to establish that a balancing of proper interests weigh[s] in favor of transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d at 883. The

Third Circuit has held, however, that "unless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25.

## III. DISCUSSION

As an initial matter, the Court addresses the threshold inquiry under § 1404(a) – *i.e.*, whether this action might have originally been brought in the transferee district. Here, there is no dispute that this case could have originally been brought in the Northern District of Georgia, the district where Defendant's headquarters is located. Indeed, the focus of Plaintiff's opposition is the private and public interest factors under *Jumara*. As the threshold inquiry under § 1404(a) is not contested, the only issue before the Court is whether to exercise its discretion under § 1404(a) to transfer the case to that district. The Court addresses the *Jumara* factors in turn below.

### 1. Plaintiff's Forum Preference

This factor weighs against transfer. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" – one that "should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal quotations and citation omitted). "Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer." *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 n.4 (D. Del. 1975).

Defendant argues that Plaintiff's choice should be given less weight because "(1) she resides in Hawaii, not Delaware or anywhere near Delaware; and (2) the site of the activities in the lawsuit is in the Northern District of Georgia." (D.I. 8 at 10).[2] Plaintiff argues that her choice of

---

[2] Defendant did not number the pages of its opening brief (D.I. 8) and thus the Court uses the page numbers assigned to the document by the ECF system.

3

forum is to be given "paramount consideration" regardless of her connections to Delaware. (D.I. 10 at 3).

The Court agrees with Plaintiff. Although Plaintiff's choice of forum is not dispositive, the Court will "not discount Plaintiff[s'] choice of forum based on a lack of physical ties to Delaware." *Abraxis Bioscience, LLC v. HBT Labs, Inc.*, No. 18-2019 (RGA), 2019 WL 2270440, at *2 (D. Del. May 28, 2019). This Court follows the reasoning in *Burroughs Wellcome*, in which Judge Stapleton found that the Third Circuit's rule that plaintiff's choice is of paramount consideration is "an across-the-board rule favoring plaintiff's choice of forum." 392 F. Supp. at 762-63; *see also VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2018 WL 5342650, at *4 (D. Del. Oct. 29, 2018). As Judge Stapleton noted, "assuming [plaintiff's choice] is to be given some weight in cases where the plaintiff lives in the forum state, it is difficult to see why it should not also be given weight when the plaintiff lives in [another] state." *Burroughs Wellcome*, 392 F. Supp. at 763 n.4. This Court does not see a distinction here that justifies affording less weight to Plaintiff's choice of forum. Plaintiff's choice to litigate in Delaware remains entitled to paramount consideration.

2. Defendant's Forum Preference

This factor favors transfer. Defendant's interest in having this case transferred to the Northern District of Georgia is apparent.

3. Whether the Claims Arose Elsewhere

This factor favors transfer. Plaintiff argues that "there is no single answer as to where this cause of action 'arose'" and thus this factor does not favor transfer. Plaintiff, however, does not argue that this case arose in Delaware. In FCRA cases, courts in the Third Circuit have deferred to the forum in which defendant's business is located. As one court held in transferring an FCRA

4

case: "Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of material events, and thus the appropriate venue, is generally the place where the defendant credit reporting agency conducted its business." *Smith v. Hireright Solutions, Inc.,* No. 09-6007, 2010 WL 2270541 at *4 (E.D. Pa. June 7, 2010) (collecting cases); *see also Fesniak v. Equifax Mortgage Servs. LLC*, No. 14-3728, 2015 WL 2412119, at *8 (D.N.J. May 21, 2015) (citation omitted). When "the plaintiff's cause of action arises from strategic policy decisions of a defendant corporation, the defendant's headquarters can be considered the place where events giving rise to the claim occurred." *Ayling v. Travelers Prop. Cas. Corp.*, No. 99-cv- 3243, 1999 WL 994403, at *5 (E.D. Pa. Oct. 28, 1999).

      Here, Georgia – where Equifax developed and implemented its policies related to dispute resolution and the method of verification for disputed accounts – is the site of the lawsuit's activities. (D.I. 8 at 6). Equifax's Consumer Center, which handles consumer disputes and other consumer-related matters, is located in Georgia. (*Id.*). Equifax's consumer reporting database is located and maintained in Georgia. (*Id.*). Creditors and other data furnishers send information regarding consumers to Equifax in Georgia, where it is processed by Equifax's employees and added to Equifax's consumer database. (*Id.*). Credit reports and other information are issued to inquiring companies from the database in Georgia. (*Id.*). Credit reports are assembled in Georgia through an automated process that uses the consumer database as the sole source of consumer information. (*Id.*). All of the information in Plaintiff's Equifax credit file is stored and maintained in Georgia, and credit reports containing that information were compiled in Georgia at Equifax's facilities. (*Id.*). This factor thus weighs in favor of transfer.

### 4. Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor is neutral. Determining convenience of the parties requires the Court to consider: (1) the parties' physical location; (2) the associated logistical and operational costs to the parties in traveling to Delaware – as opposed to the proposed transferee district – for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal. *See MEC Resources, LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 225 (D. Del. 2017) (citing *Memory Integrity, LLC v. Intel Corp.*, No. 13-1804 (GMS), 2015 WL 632026, at *4 (D. Del. Feb. 13, 2015) (internal quotations omitted)).

Here, Defendant argues that transfer to the Northern District of Georgia would be more convenient because "(1) Equifax's witnesses capable of testifying regarding its policies and procedures with respect to Plaintiff's credit file; and (2) Equifax's policies and procedures for handling Plaintiff's file, resolving her dispute, and providing telephone numbers upon a consumer's request" are located in Georgia. (D.I. 8 at 12). It argues that "[t]ransfer to Georgia would enhance both parties' access to this evidence during trial and would enhance the convenience of the witnesses themselves." (*Id.* (citing *Pall Corp. v. Bentley Labs. Inc.*, 523 F. Supp. 450, 452-53 (D. Del. 1981)) (holding it was "abundantly clear" that convenience favored transfer where the defendant was "based in California, all of its officers, key trial witnesses and records are located there and most of the alleged infringing activities occurred there")).

In its opposition, Plaintiff asserts that Defendant's status as a billion dollar company with significant financial resources renders "the suggestion that Equifax would be inconvenienced by a trial in Delaware . . . simply not credible." (D.I. 10 at 6). The Court agrees that Defendant's financial status is relevant to the § 1404(a) analysis and, although the Court acknowledges that litigation carries an inherent burden, Defendant has failed to show it would suffer a unique burden

6

under the facts here. Plaintiff, however, has not argued that Delaware is any more convenient than Georgia. Thus, this factor is neutral.

### 5. Convenience of the Witnesses

This factor is neutral. This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also VLSI*, 2018 WL 5342650, at *7 (citing *Smart Audio*, 910 F. Supp. 2d at 732 (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena")). "[W]itnesses who are employed by a party carry no weight" because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). "[T]he Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses[] who have no direct connection to the litigation." *Intellectual Ventures I*, 842 F. Supp. 2d at 757.

Neither party points to any third party witnesses who will be needed in this case, let alone any that would be unavailable for trial in Delaware, but available in Georgia (or vice versa). Therefore, the Court concludes that this factor is neutral.

### 6. Location of Books and Records

This factor slightly favors transfer. *Jumara* instructs the Court to give weight to the location of books and records necessary to the case only "to the extent that the files [and other evidence] could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Defendant argues that this factor favors transfer because the Northern District of Georgia is where all of the sources of proof involved in the case exist. In support, Defendant's declarant Elisa Lyons attested that "[a]ll documents and data associated with this dispute are also located in Atlanta." (D.I. 8-1 ¶ 14). In her opposition, Plaintiff argues that this factor does not support transfer, focusing on the

7

fact that "[a]ny of Equifax's pertinent documents can be easily transmitted to Delaware, not just for purposes of discovery, but for docketing and production at trial." (D.I. 10 at 7-8).

Although the Court agrees that Defendant has failed to demonstrate that evidence could not be produced here, Defendant has shown that much of the relevant evidence is either located in or more easily produced in the Northern District of Georgia. That being said, the Third Circuit has instructed that the relevant consideration here is whether the evidence could not be produced in the competing fora. *See Jumara*, 55 F.3d at 879. With the state of technology in litigation today and the ease with which documentary evidence can be produced electronically, the Court finds that this factor – although favoring transfer – should be afforded minimal weight. *See, e.g.*, *Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, No. 19-1150-CFC, 2020 WL 2113528, at *4 (D. Del. May 4, 2020); *Intellectual Ventures I*, 842 F. Supp. 2d at 759. Therefore, this factor weighs in favor of transfer, but only slightly.

7.  Enforceability of the Judgment

Neither party argues that this factor weighs in favor of or against transfer. The Court agrees that this factor is neutral as judgments from this District and the Northern District of Georgia would be equally enforceable.

8.  Practical Considerations

This factor is neutral. The Court must consider "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. Defendant argues that this factor weighs in favor of transfer because Defendant is headquartered in the Northern District of Georgia and "all of Equifax's actions related to Plaintiff were undertaken there. Equifax's consumer database is located in the Northern District of Georgia; its Consumer Center, which handles consumer disputes and other consumer-related matters, is located in the Northern District

8

of Georgia; its policies and procedures are established and maintained in the Northern District of Georgia; it issues credit reports to potential creditors from the Northern District of Georgia; and all of its documents and witnesses pertinent to this dispute are located in the Northern District of Georgia. (D.I. 8 at 14-15 (citing D.I. 8-1 ¶¶ 9-16)).  In response, Plaintiff argues in essence that Defendant is simply repeating its arguments for other factors.  The Court agrees with Plaintiff.  Defendant's contentions "have been raised, in the same way, as to other *Jumara* factors, and so the Court will not 'double-count' them here." *Elm 3DS Innovations LLC v. SK Hynix, Inc.*, No. 14-1432 (LPS) (CJB), 2015 WL 4967139, at *11 (D. Del. Aug. 20, 2015).  Therefore, because there is no broader public benefit to this case proceeding in this Court versus the Northern District of Georgia (or vice versa), this factor is neutral.  *See W.R. Berkley Corp. v. Niemela*, No. 17-32 (GMS), 2017 WL 4081871, at *4 (D. Del. Sept. 15, 2017) (finding factor to be neutral when "neither party addresse[d] the broader public costs of proceeding in one district or the other").

9. <u>Relative Administrative Difficulty Due to Court Congestion</u>

This factor is neutral.  The Court takes judicial notice of the most recent Judicial Caseload Profiles,[3] as of December 31, 2019, which indicate that, in the District of Delaware, the median length of time between filing and trial for civil cases is 30.9 months and the median length of time between filing and disposition in civil cases is 5.3 months.  In the Northern District of Georgia, the median lengths of time in civil cases between filing and trial and filing and disposition are 30.3 months and 6.4 months, respectively.  The December 31, 2019 profile also indicates that there are 646 cases pending per judgeship in the District of Delaware, and 1,115 in weighted filings, whereas there are 733 cases pending per judgeship in the Northern District of Georgia, and 619 in weighted

---

[3] The December 2019 statistics for the District Courts of the United States can be found at: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf.

filings. These statistics counsel the Court that the two districts are similarly congested and, thus, this factor is neutral.

10.  Local Interest in Deciding Local Controversies at Home

Neither party has articulated any reason that either this district or the Northern District of Georgia would have a local interest in addressing the current dispute. Thus, in the Court's view, this factor is neutral.

11.  Public Policies of the Fora

Neither party has articulated any public policy interest favoring this district or the Northern District of Georgia. Thus, in the Court's view, this factor is neutral.

12.  Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases

Plaintiff's claims arise under federal law and the familiarity of the respective districts with state law is not applicable.

13.  Balancing the Private and Public Factors

After balancing the twelve *Jumara* factors, the Court concludes that this case should be transferred to the Northern District of Georgia – 8 factors are neutral or inapplicable, and 3 factors weigh in favor of transfer, with one favoring transfer only slightly. One factor weighs against transfer, *i.e.*, Plaintiff's choice of this forum, which is to be given paramount consideration. Looking at the factors together and giving each its appropriate weight, Defendant has met the burden of showing that the *Jumara* factors weigh in favor of transfer.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's motion to transfer the case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) is GRANTED. An appropriate order will follow.